**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**Civil Action No. 5:23-cv-00080-LLK**

**LADONNA L.**                                                                      **PLAINTIFF**

**v.**

**KILOLO KIJAKAZI, Acting Commissioner of Social Security**              **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final

decision of the Commissioner denying her claim for disability insurance benefits [DIB] under Title II of the

Social Security Act.  [Doc. 1].  Plaintiff's brief is at Doc. 15, and the Commissioner's response in opposition

is at Doc. 17.  The parties have consented to the jurisdiction of the undersigned Magistrate Judge to

determine this case, with any appeal lying before the Sixth Circuit Court of Appeals.  [Doc. 9].

Because Plaintiff's three arguments are unpersuasive and the Administrative Law Judge's (ALJ's)

decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision

and DISMISS Plaintiff's complaint.

**Procedural history**

On January 4, 2015, Plaintiff filed an application for DIB alleging disability beginning on June 1,

2014.  [Administrative Record, Doc. 8 at 894].

On January 30, 2018, the Commissioner issued a prior final decision, finding that Plaintiff was not

disabled from June 1, 2014, when she alleges that she became disabled, through January 30, 2018, when

the prior final decision issued.  *Id.* at 894-905.

Plaintiff concurrently appealed the Commissioner's final decision to this Court and filed a

new/subsequent disability claim.

1

On February 25, 2019, this Court granted the parties' joint motion for a remand pursuant to Sentence 4 of 42 U.S.C. § 405(g) for a new decision and further administrative proceedings. [Doc. 8 at 934].

On May 24, 2019, the Appeals Council consolidated Plaintiff's remanded and new/subsequent claims. *Id.* at 941.

On March 30, 2020, the ALJ issued a partially favorable decision disposing of all of Plaintiff's claims. The ALJ found that Plaintiff was not disabled from June 1, 2014, when she alleges that she became disabled, through January 30, 2018, the date of the Commissioner's prior final decision. *Id.* at 836-53. The ALJ found that, beginning on February 1, 2018, Plaintiff was restricted to sedentary work by her heart impairment. *Id.* at 852. An ultimate finding of "disabled" was dictated by Rule 201.14 of Appendix 2 of the regulations. *Id.*

On April 3, 2023, the ALJ's partially favorable decision became the Commissioner's final decision when the Appeals Council found no reason to disturb the ALJ's decision. *Id.* at 824.

**The ALJ's decision**

Plaintiff challenges the unfavorable portion of the ALJ's decision on March 30, 2020, which was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that, between June 1, 2014, and January 30, 2018, Plaintiff did not engage in substantial gainful activity. *Id.* at 838.

Second, the ALJ found that Plaintiff had the following severe, or vocationally significant, impairments: degenerative disc disease of the cervical and lumbar spine, degenerative joint disease of the right shoulder, fibromyalgia, diabetes mellitus, gastroparesis, peripheral neuropathy, chronic kidney disease (CKD), hypertension, coronary artery disease (CAD), hypothyroidism, depression, posttraumatic stress disorder (PTSD), and anxiety. *Id.* at 838-39.

Third, the ALJ found that Plaintiff had no impairment satisfying the medical criteria of any impairment listed in Appendix 1 of the regulations.  *Id.* at 839.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations."  20 C.F.R. § 404.1545(a)(1).  The ALJ found that, notwithstanding her physical impairments, Plaintiff could:

> … perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant could not climb ladders, ropes, or scaffolds; could no more than occasionally balance, stoop, kneel, crouch, crawl, or climb ramps or stairs; could not engage in overhead reaching tasks with the bilateral upper extremities; could not push or pull with the right upper extremity; needed to avoid concentrated exposure to vibration and hazards; could understand, remember, and carry out simple instructions and procedures initially learned within 30 days; could concentrate, persist, and maintain pace for simple tasks involving little or no independent judgment and minimal variation; could engage in no more than occasional interaction with the public; and could adapt to the pressures and changes of routine work environments.

*Id.* at 841.

Fourth, the ALJ found that Plaintiff was unable to perform any past relevant work.  *Id.* at 850.

Fifth, the ALJ found that Plaintiff could perform a significant number of unskilled, light jobs in the national economy such as garment sorter, marker, and bottle line inspector.  *Id.* at 851.

## Legal Standards

The task in reviewing the ALJ's findings is limited to determining whether they are supported by substantial evidence and made pursuant to proper legal standards.  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance."  *McGlothin v. Comm'r*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal quotation omitted). The Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility."  *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citation omitted).

The substantial-evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way, without interference by the courts."  *Blakley v. Comm'r*, 581 F.3d 399,

405 (6th Cir. 2009). A reviewing court decides only whether substantial evidence supports the ALJ's decision. *Id.* If it does, the court affirms the decision even in the face of substantial evidence supporting the opposite conclusion. *Id.*

### Plaintiff's first argument is unpersuasive.

First, Plaintiff argues that the ALJ's "Finding 5 is not supported by substantial evidence." [Doc. 15 at PageID.5904].

Finding 5 is the ALJ's residual functional capacity (RFC) finding that, prior to January 30, 2018, Plaintiff could:

> … perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant could not climb ladders, ropes, or scaffolds; could no more than occasionally balance, stoop, kneel, crouch, crawl, or climb ramps or stairs; could not engage in overhead reaching tasks with the bilateral upper extremities; could not push or pull with the right upper extremity; needed to avoid concentrated exposure to vibration and hazards….

*Id.* at 841. However, the ALJ found that, beginning on February 1, 2018, Plaintiff was limited to sedentary work by her heart impairment, which necessitated a triple bypass in July 2018, and by "evidence since February of 2018 indicating advancement of the claimant's lumbar degeneration." *Id.* at 848-49. An ultimate finding of "disabled" was dictated by Rule 201.14 of Appendix 2 of the regulations. *Id.* at 852.

Plaintiff argues that, prior to January 30, 2018, she was limited to sedentary work by her diabetes mellitus (independently of her heart and back impairments). But Plaintiff offers no proof, which the ALJ was required to accept.

Social Security regulations place the burden on Plaintiff to prove the existence of a disability. *Foster v. Comm'r*, 279 F.3d 348, 353 (6th Cir. 2001). However, "[o]nce a finding of disability is made, the ALJ must determine the date of onset." *McClanahan v. Comm'r*, 474 F.3d 830, 833 (6th Cir. 2006). This does not mean, however, that the burden shifts to the Commissioner to prove non-disability prior to the Commissioner's finding of disability. *Id.* at 836.

Social Security Ruling (SSR) 83-20 governs the determination of the onset of disability date.  1983 WL 31249.  "Factors relevant to the determination of disability onset include the individual's allegation, the work history, and the medical evidence."  *Id.* at *1.  "The medical evidence serves as the primary element in the onset determination."  *Id.* at *2.

Plaintiff argues that the ALJ's determination of an onset of disability date of February 1, 2018, did not comport with applicable legal standards.  But, as indicated above, the ALJ's determination was based on the medical evidence pertaining to Plaintiff's heart and back impairments in the months leading to her triple bypass in July 2018.  For example, cardiologist C. David Hogancamp, M.D., interpreted the radiographic evidence as showing "extremely severe diffuse triple-vessel coronary artery disease."  [Doc. 8-1 at 1593.

SSR 14-2p, 2014 WL 2472008, concerns "evaluating diabetes mellitus [DM]."  Plaintiff has Type 2 DM.  In Type 2 DM, previously known as adult-onset DM or non-insulin-dependent DM, the pancreas does not produce enough insulin, or there is failure in the transfer of insulin into the body cells (insulin resistance).  *Id.* at *3.  People with Type 2 DM have symptoms similar to those of Type 1 DM, but the symptoms are usually not as obvious.  Id.  Type 2 DM is more common in people with obesity and those who have a family history of DM.  Id.  The first line of treatment is management of DM through diet and exercise.  Id.  Oral medication or daily insulin is usually required when the weight loss and diet alone fail to manage blood glucose levels.  Id.

Plaintiff argues that the ALJ's determination does not comport with SSR 14-2p but fails to identify any specific provision of SSR 14-2p that the ALJ's decision violated.

**Plaintiff's second argument is unpersuasive.**

Second, Plaintiff argues that the ALJ's "evaluation of the treating source opinions is flawed."  [Doc. 15 at PageID.5017].

In July 2017, in support of Plaintiff's original DIB claim, which this Court remanded, and in August 2018, in support of Plaintiff's new/subsequent claim, Plaintiff's treating source, advanced practice registered nurse (APRN) Jeanie Doom, completed the Attending Physician Restrictions form.  [Doc. 8 at 810; Doc. 8-6 at 5394].  The ALJ characterized the APRN's opinions as "indicat[ing] effectively no ability to sustain even sedentary work on a full-time basis."  *Id.* at 847.  The ALJ gave "little weight" to the APRN's opinions for two reasons.  *Id.*  First, the opinions were found to be "inconsistent with weight of objective clinical findings, and the overall nature of the claimant's treatment."  *Id.* at 847-48.  Second, the opinions were found to lack "any narrative component aside from references to diagnoses."  *Id.* at 848.

Plaintiff's reliance on the APRN's opinions is unpersuasive for three reasons.

First, on January 4, 2015, when Plaintiff filed her original DIB claim [Doc. 8 at 894], APRNs were not deemed to be acceptable medical sources.  Social Security Ruling (SSR) 6-3p, 2006 WL 2329939, at *2.  APRNs became acceptable medical sources for claims filed on and after March 27, 2017.  20 C.F.R. § 404.1502(a)(7).  But in 2015, "only 'acceptable medical sources' [could] be considered treating sources ... whose medical opinions may be entitled to controlling weight."  SSR 6-3p (citing 20 C.F.R. § 404.1527(c)(2)).  While the Commissioner rescinded SSR 6-3p on April 6, 2017, "SSR 06-03p will continue to apply to claims filed before March 27, 2017."  *Fowler v. Comm'r*, 2021 WL 3621708, at *3 (W.D. Ky. Aug. 16, 2021).

Second, even if the Court were to treat the APRN in this case as an acceptable medical source, the Attending Physician Restrictions form completed by the APRN [Doc. 8 at 810] did not ask and the APRN did not indicate the medical basis, if any, supporting her opinion that Plaintiff cannot sustain even sedentary work.  Caselaw has long permitted an ALJ to summarily reject the type of unexplained answers the APRN provided in this case. "Many courts have cast doubt on the usefulness of these forms and agree that administrative law judges may properly give little weight to a treating [source's] check-off form of

functional limitations that did not cite clinical test results, observations, or other objective findings." *Ellars v. Comm'r*, 647 F. App'x 563, 566 (6th Cir. 2016).

Third, an ALJ weighs opinions from APRNs based on the following factors:

• How long the source has known and how frequently the source has seen the individual;

• How consistent the opinion is with other evidence;

• The degree to which the source presents relevant evidence to support an opinion;

• How well the source explains the opinion;

• Whether the source has a specialty or area of expertise related to the individual's impairment(s);

• Any other factors that tend to support or refute the opinion.

SSR 6-3p, 2006 WL 2329939, at *2. Plaintiff has not alleged or shown that the ALJ in this case abused her discretion in weighing these factors or that a proper consideration of the factors required the ALJ to give more than a little weight to the APRN's opinions that would preclude even sedentary work.

**Plaintiff's third argument is unpersuasive.**

Third, Plaintiff argues that the ALJ's decision contains a "flawed analysis of [her] non severe impairments" of diabetic retinopathy and asthma. [Doc. 15 at PageID.5921].

The ALJ found that Plaintiff's diabetic retinopathy is not severe, or vocationally significant:

The claimant has reported visual difficulties, including testifying that she has difficulty driving at night due to blurred vision; however, a February 2017 ophthalmological exam showed no more than mild non-proliferative diabetic retinopathy of the right eye (9F/2). No later evidence indicated advancement of diabetic retinopathy. While the claimant may experience blurred vision, the claimant's mild, non-proliferative retinopathy has not been shown to cause more than minimal work-related limitations, and is therefore non-severe.

[Doc. 8 at 839]. This finding is supported by substantial evidence.

In her brief, Plaintiff relies on a medical note from 2003 indicating persistent asthma and a note from 2007 indicating frequent use of albuterol (and suggesting that the asthma was poorly controlled). [Doc. 15 citing pages 2443 and 2450 of the administrative record]. Plaintiff alleges that she became disabled in 2014. [Doc. 8 at 894]. "[N]o principle of administration law or common sense requires us to

remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." *Kornecky v. Comm'r*, 167 F. App'x 496, 507 (6th Cir. 2006).

**Order**

Because Plaintiff's three arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

January 31, 2024

**Lanny King, Magistrate Judge**
**United States District Court**

8